UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AJANI POSEY, | : | |
| Petitioner | : | CIVIL ACTION NO. 1:25-615 |
| v. | : | |
| | | (JUDGE MANNION) |
| KATHY BRITTAIN, *et al.*, | : | |
| Respondents | : | |

### MEMORANDUM

Presently before the court is a *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2254 to challenge a denial of parole. The petition will be dismissed and a certificate of appealability will not issue.

I. **BACKGROUND**

Petitioner, Ajani Posey, is incarcerated in Camp Hill State Correctional Institution ("SCI-Camp Hill") pursuant to a Pennsylvania criminal conviction. He brings the instant case under 28 U.S.C. §2254 to challenge the denial of his parole in March 2025 by the Pennsylvania Parole Board. (Doc. 1). Posey asserts that the denial of parole violated his constitutional right to due process because the Parole Board based the denial on a disciplinary charge for which he was acquitted and acted in retaliation for civil rights actions he filed against prison officials. (Docs. 1-2).

Respondents responded to the petition on May 30, 2025. (Docs. 14-15). Respondents argue that the petition should be dismissed both because Posey failed to exhaust state court remedies and because he has not alleged any nonconclusory facts showing that he is entitled to relief and therefore fails to state a prima facie claim for habeas corpus relief. (*Id.*) Posey filed a reply brief on June 18, 2025, making the petition ripe for review. (Doc. 17). Posey has additionally filed a motion for sanctions and a motion for "judicial notice." (Docs. 18-19).

## II.   STANDARD OF REVIEW

A challenge to the denial of parole is cognizable under Section 2254. *Coady v. Vaughn*, 251 F.3d 480, 486 (3d Cir. 2001). However, a federal district court may not grant parole or determine parole eligibility. *Billiteri v. U.S. Bd. of Parole*, 541 F.2d 938, 944 (2d Cir. 1976). "The only remedy which the court can give is to order the Board to correct the abuses or wrongful conduct within a fixed period of time, after which, in the case of non-compliance, the court can grant the writ of habeas corpus and order the prisoner discharged from custody." *Id*.

## III.   DISCUSSION

"[T]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," nor has

the Commonwealth of Pennsylvania created such a right. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Thus, because the denial of parole "does not implicate any constitutionally [or state] protected liberty interest," the scope of federal judicial review of state parole denials is limited. *Diehl-Armstrong v. Pa. Bd. of Prob. & Parole*, No. 13-CV-2302, 2014 WL 1871509, at *5 (M.D. Pa. May 7, 2014). The federal court is confined to reviewing the substance of the state parole decision to determine whether the Parole Board exercised its authority in an arbitrary and capricious, or constitutionally impermissible manner. *Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980).

To show a violation of substantive due process, a habeas petitioner must demonstrate that: (1) he was arbitrarily denied parole due to impermissible reasons such as race, religion, or political beliefs, and/or (2) the Parole Board failed to apply appropriate, rational criteria in reaching its determination to deny parole. *Id.* "However, federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." *Coady*, 251 F.3d at 487. The "relevant level of arbitrariness required to find a substantive due process violation involves not merely action that is unreasonable, but, rather, something more egregious,

3

which we have termed at times 'conscience shocking' or 'deliberately indifferent.'" *Hunterson v. DiSabato*, 308 F.3d 236, 247 (3d Cir. 2002).

In this case, Posey seeks a writ of habeas corpus because the Parole Board purportedly denied parole based on a disciplinary charge for which he was acquitted and acted in retaliation for civil rights actions he filed against prison officials. (Docs. 1-2). Respondents contend the petition should be dismissed for failure to exhaust state court remedies and failure to state a prima facie claim for habeas corpus relief. (Docs. 14-15).

At the outset, the court finds respondents' exhaustion argument unavailing. This court recently rejected an essentially identical argument for failure to exhaust state court remedies in *Mathis v. Rivello*, No. 3:23-CV-225, 2025 WL 524301, at *7-8 (M.D. Pa. Feb. 18, 2025) (Mannion, J.). In *Mathis*, the court held that *Defoy v. McCullough*, 393 F.3d 439, 445 (3d Cir. 2005), remains good law and compels the conclusion that habeas petitioners challenging the denial of parole are not required to exhaust remedies through Pennsylvania state courts before they may file in federal court. *Mathis*, 2025 WL 524301, at *8. The court does not see any sound basis to reach a contrary conclusion in this case and accordingly holds that dismissal of Posey's petition for failure to exhaust state court remedies is not warranted.

Turning to the merits, the court first finds no merit to petitioner's contention that he was denied parole based on disciplinary charges for which he had been acquitted. The Parole Board's written rationale for the denial of parole states that it denied parole based on the level of risk Posey posed to the community, his minimization of the seriousness of his criminal offenses and the nature of the offenses, his refusal to accept responsibility for the offenses, and the negative recommendation made by the prosecuting attorney. (Doc. 15-6). The only mention of Posey's disciplinary history states that at petitioner's next parole hearing—which is scheduled to occur in March 2026—"the board will review [his] file and consider . . . whether [he has] maintained a clear conduct record." (*Id.* at 2-3). There is simply no basis to conclude that the board denied parole based on a disciplinary charge for which Posey was acquitted, and he has offered nothing other than speculation to the contrary.

The court similarly finds Posey's argument that he was denied parole in retaliation for filing civil suits unavailing. A petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2254 must "state the facts supporting each ground." Rule 2(c)(2), Rules Governing Section 2254 Cases, Following 28 U.S.C. §2254. A petition is subject to dismissal without an evidentiary hearing if it offers nothing more than "bald assertions" and "conclusory

5

allegations." *Palmer v. Hendricks*, 592 F.3d 386, 395 (3d. Cir. 2010) (quoting *Campbell v. Burris*, 515 F.3d 172, 184 (3d Cir. 2008)). The petition must present a prima facie claim for habeas corpus relief by making "sufficient 'factual allegations, which, if true, would entitle the applicant to federal habeas relief.'" *Id.* at 392 (quoting *Schiro v. Landigan*, 550 U.S. 465, 474 (2007). "[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 395 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In his petition and supporting brief, Posey asserts that the Parole Board denied him parole in retaliation for various civil rights suits he filed against prison officials, but he offers nothing other than speculation to establish that there is a causal connection between his civil suits and the denial of his parole. (*See* Doc. 2 at 3 ("With all of these matters pled it raises questions as to if this parole denial was retaliation fo[r] filing civil rights suits.")). There is no allegation in the complaint or the supporting brief that members of the Parole Board were even aware of Posey's civil suits. (*See* Docs. 1-2).

Posey appears to acknowledge the absence of factual allegations to support his claim of retaliation, noting that "the record has to be developed to see if the claims of retaliation have a factual basis." (*Id.*) A petition for writ of habeas corpus, however, must offer more than mere speculation in the

hopes of conducting a fishing expedition to determine whether there is a "factual basis" for the petition's claims. *See Palmer*, 592 F.3d at 395 (noting that petition must make "sufficient 'factual allegations, which, if true, would entitle the applicant to federal habeas relief.'" (quoting *Schiro*, 550 U.S. at 474). Posey has not made any factual allegations to support his retaliation claim. The proper course in this situation is not development of the record. It is dismissal of the petition.[1]

## IV. CONCLUSION

For the foregoing reasons, the court will dismiss the petition for writ of habeas corpus. A certificate of appealability will not issue because no reasonable jurist would disagree with this ruling or conclude that the issues presented are adequate to deserve encouragement to proceed further. *Buck v. Davis*, 580 U.S. 100, 115 (2017) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). An appropriate order shall issue.

*s/ Malachy E. Mannion*
**Malachy E. Mannion**
**United States District Judge**

**Dated:   September 18, 2025**
25-615-01

---

[1] Petitioner's motion for sanctions and motion for judicial notice are deemed withdrawn because petitioner did not file a brief in support of either motion. *See* M.D. Pa. L.R. 7.5.